# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | |
|---|---|
| **LINDSEY HARRISON,** | ) |
| Plaintiff, | ) |
| v. | ) Case No.: 5:21-cv-01038-LCB |
| **SHERIFF MATT GENTRY,** *et al.*, | ) |
| Defendants. | ) |

## MEMORANDUM OPINION ORDER

Before the Court is Defendant Deputy Matthew Kenneth Martin's Motion to Dismiss Plaintiff's Amended Complaint. (Doc. 26). For the reasons that follow, Martin's motion to dismiss is **GRANTED** and the Court **ORDERS** Harrison to file an amended complaint.

### I.   Background

Reciting the facts in detail is not necessary. In short, Harrison was incarcerated in the Cullman Country Detention Center for part of 2020.[1] She alleges that Martin forced her to engage in sexual activity so she could continue receiving visitation privileges with her father who was suffering from cancer.[2]

---

[1] (Doc. 24 at 1).
[2] *Id.* at 1-2.

Harrison initially sued seven named defendants in state court.[3] Because Harrison brought at least one claim under federal law, Defendants properly removed the action to federal court.[4] The parties then filed a flurry of motions. When the dust settled, only Martin was still standing. On September 15, 2021, Harrison moved for leave to amend her original complaint because defendants argued it was a shotgun complaint.[5] Harrison also sought to simplify her claims since the parties had changed so drastically.[6] The Court granted Harrison's motion two days later.[7]

After Harrison filed her amended complaint, Martin filed this motion to dismiss.[8] Martin asks the Court to dismiss Harrison's amended complaint under Federal Rule of Civil Procedure 12(b)(6) or 12(e) because it is a shotgun complaint.[9] Additionally, he asks the Court to dismiss under Rules 12(b)(1) and 12(b)(6) because Harrison has failed to state a claim.[10] The parties have fully briefed the motion, and it is ripe for review.

## II.   Discussion

The Court finds that Harrison's amended complaint is an impermissible shotgun pleading. Federal Rule of Civil Procedure 8(a)(2) requires a complaint to

---

[3] (Doc. 1-1).
[4] (Doc. 1).
[5] (Docs. 20, 21).
[6] *Id.*
[7] (Doc. 23).
[8] (Doc. 26).
[9] (Doc. 27).
[10] *Id.*

include "a short and plain statement of the claim showing that the pleader is entitled to relief." Additionally, Federal Rule of Civil Procedure 10(b) requires a party to "state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances. . . . If doing so would promote clarity, each claim founded on a separate transaction or occurrence . . . must be stated in a separate count or defense." Rules 8(a)(2) and 10(b) allow the court to determine "which facts support which claims." *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1320 (11th Cir. 2015) (internal quotation marks omitted). In the Eleventh Circuit, pleadings "that violate either Rule 8(a)(2) or Rule 10(b), or both, are often disparagingly referred to as 'shotgun pleadings.'" *Id; see also Barmapov v. Amuial*, 986 F.3d 1321, 1324 (11th Cir. 2021). The Eleventh Circuit has repeatedly and vehemently condemned shotgun pleadings. *See Est. of Bass v. Regions Bank, Inc.*, 947 F.3d 1352, 1356 n. 3 (11th Cir. 2020).

Shotgun complaints generally come in four flavors. *Weiland*, 792 F.3d at 1321-23. First, and most common, "is a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint." *Id.* at 1321. Second, and almost as common, "is a complaint . . . replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." *Id.* at 1322. Third is a complaint that fails to "separate[e]

into a different count each cause of action or claim for relief." *Id.* at 1323. Fourth is a complaint "asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brough against." *Id.*

Harrison's complaint most egregiously falls into the first category. Simply put, every count adopts the previous count's allegations. (Doc. 24 at ¶¶ 21, 43, 48, 55, 61). More shockingly, Harrison begins the first count by "adopt[ing] all subsequent counts herein; word for word." *Id.* at ¶ 4. To illustrate the problem, these continuous incorporations result in Harrison alleging "[t]hat the Defendant violated the Plaintiff's constitutional right to Due Process, Equal Protections; and, to be free from cruel and unusual punishment", *id.* at ¶ 40, to support her claim that Martin violated the federal statute against human trafficking at 22 U.S.C. 7101. *Id.* at ¶ 61. If a more paradigmatic example of a shotgun complaint exists, it escapes the Court.

The amended complaint also fits the second category of shotgun complaints outlined in *Weiland*: it is littered with "conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." *Weiland*, 792 F.3d at 1322. For example, apparently as a factual allegation supporting gross/wanton negligence, Harrison alleges "[t]hat what the Defendant did was wrong, and he knew it was wrong." (Doc. 24 at ¶ 58). Similarly, a vast majority of the factual allegations are vague and conclusory recitations of the respective claim's elements. *See, e.g., id.* at

¶¶ 51 ("Defendant owed the Plaintiff a duty not to act negligently."), 53 ("That the Defendant breached his duty, as a Jailer, to the Plaintiff."), 54 ("That as a result of the foregoing, Plaintiff was caused to suffer those injuries and damages noted in the previous Counts.").

Finally, Harrison's amended complaint is a shotgun pleading under *Weiland's* third category. Most notably, Harrison's complaint has one count for Martin's alleged 42 U.S.C. § 1983 violation. (Doc. 24 at 3-4). But within that one count, Harrison alleges that Martin violated three different constitutional amendments. *Id.* at ¶¶ 36, 39. And it is unclear which factual allegations support which constitutional violations. Without more clarity, Martin cannot possibly know the specifics of the claims Harrison brings against him.

To sum it up, Harrison's amended complaint is a perfect example of *three* types of shotgun pleadings recognized in this Circuit. As it stands, the complaint falls well short of Rules 8(a)(2) and 10(b)'s requirements. So, the Court finds that dismissal is proper. However, the Court believes that—given the claims' serious nature—it would be premature to dismiss the case wholesale. Accordingly, the Court dismisses the amended complaint under Rule 12(e) for a more definite statement and Harrison shall file an amended complaint not later than March 24, 2022.

Because this will be Harrison's second attempt to amend this complaint to meet minimum pleading standards, the Court **ORDERS** counsel for the parties to

confer at the office of Martin's counsel before Harrison files her amended complaint. The parties should discuss the pleading requirements under Rules 8(a)(2) and 10(b) and what they require to make this complaint conform to federal standards.

### III. Conclusion

For the reasons above, Martin's motion to dismiss (Doc. 26) is **GRANTED** under Rule 12(e). Harrison is **ORDERED** to file an amended complaint not later than March 24, 2022. The Court further **ORDERS** the parties to confer before Harrison files her amended complaint.

**DONE** and **ORDERED** this February 24, 2022.

_____
**LILES C. BURKE**
UNITED STATES DISTRICT JUDGE